## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARLOS MACIAS | ) | CASE NO. 3:23-cv-00800 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| #176 JUDICIAL DIST., CT et al. | ) | JULY 21, 2023 |
| *Defendants*. | ) | |

## <u>ORDER DISMISSING CASE</u>

Carlos Macias ("Plaintiff"), who is currently incarcerated in Palestine, Texas, filed this lawsuit alleging violations of his civil and constitutional rights arising from his conviction, sentence, and incarceration in Texas. Although the allegations in Plaintiff's Complaint are largely inscrutable, he appears to allege that he was forced to plead guilty and that he is innocent. *See* Compl. at 3–4, ECF No. 1. In his original Complaint, Plaintiff names as defendants: Texas Governor Greg Abbott; the Fifth Circuit Court of Appeals; the United States District Court in Houston, Texas; the Texas Parole Department; the Texas Prison Department; the Texas Court of Appeals, and the 176th judicial district court in Houston, Texas; as well as Texas Prison System Director Bobby Lumpkin and the Texas Parole Director whose name is "unknown." *Id.* at 1, 3.[1] The Complaint was drafted on an altered Northern District of Texas form complaint and attaches a Texas Court of Appeals form for the bringing of a writ of habeas corpus. It is unclear whether Plaintiff intended to assert claims pursuant to 42 U.S.C. § 1983 or whether he intended to file a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, Plaintiff has recently filed a motion

---

[1] The Court construes Plaintiff's complaint as alleging claims against these individual defendants named in his list of parties although they were not identified in the case caption of the complaint form. *See Imperato v. Otsego Cnty Sheriff's Dep't*, No. 3:13-cv-1594 (BKS/DEP), 2016 WL 1466545, at *26 (N.D.N.Y. Apr. 14, 2016) (explaining that court may find a *pro se* complaint to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants).

to amend his complaint and attached a proposed Amended Complaint utilizing this district's form prisoner complaint seeking 2.5 trillion dollars in damages. *See* Mot. to Amend, ECF No. 6; Proposed Am. Compl., ECF No. 6-1. In the proposed Amended Complaint, Plaintiff appears to modify his list of defendants, naming in the case caption: the 176th judicial district court in Houston, Texas; the Texas Board of Pardons/Paroles; Texas Governor Greg Abbott; Director of the Texas Prison System "John Doe"; and the State of Texas. Proposed Am. Compl. at 1. Although not listed in the caption, Plaintiff also identifies as defendants: District Attorney John Doe; the Mayor of Houston, Texas; the Texas Court of Criminal Appeals; a United States District Court; the Fifth Circuit Court of Appeals; numerous unidentified John Does; and "Court Officials; Defendants." *Id.* at 3.[2] As it is clear that this case was filed in the wrong venue, it is dismissed with prejudice to refiling in this district but without prejudice to filing in a district for which venue is proper. Accordingly, Plaintiff's recently filed motion to amend the complaint, ECF No. 6, is **DENIED** as moot.

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss the complaint, or any portion of the complaint" that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b);[3] *see*

---

[2] It is not clear to the Court whether Plaintiff intended to sue the identified courts themselves as entity defendants, or if Plaintiff simply intended to sue the unidentified John Does who are affiliated with those courts as individual defendants.

[3] In light of the decision to dismiss this case for improper venue, the Court does not address whether the claims are otherwise frivolous in law or in fact. However, it is worth noting that the federal entity defendants are not subject to suit under 42 U.S.C. § 1983, *see Harrison v. Potter*, 323 F. Supp. 2d 593, 604 (S.D.N.Y. 2004) ("[A] plain reading of §§ 1981 and 1983 indicates that these statutes do not apply to the federal government."), and to the extent they are judicial officials, they are likely immune from suit, *see Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions."). Further, Plaintiff names as defendants state agencies, which are similarly immune from suit under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Finally, the only individual defendant identified by name in the proposed Amended Complaint, Governor Greg Abbott, is not alleged to have had any personal involvement in the alleged constitutional violations. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)

*also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory). This review includes an assessment as to whether prisoners have adequately pleaded that their claims were filed in an appropriate venue. Courts often dismiss or transfer claims filed in the wrong venue. *See, e.g.*, *Fominas v. McCarthy*, 165 F.3d 13 (table), 1998 WL 802054, at *1 (2d Cir. 1998) (summary order) (noting that the district court dismissed claims in part on the ground "that they were brought in the wrong district and did not merit a transfer of venue"); *Teaque v. Dep't of Corr. City of N.Y.*, No. 18-CV-3751 (PKC) (LB), 2018 WL 3442642, at *3 (E.D.N.Y. Jul. 17, 2018) (dismissing Eighth Amendment claim arising out of the denial of medical care at an out-of-district correctional facility as filed in the wrong venue, without prejudice to refiling in the proper venue); *Lewis v. Garcia*, No. 14-CV-3499 (ARR), 2014 WL 3858394, at *2 (E.D.N.Y. Aug. 4, 2014) (dismissing complaint and directing that the plaintiff may not include in an amended complaint any claims pertaining to events for which venue is improper); *Montgomery v. United States*, No. 9:12-CV-0527 (MAD/TWD), 2013 WL 938039, at *4 n.14 (N.D.N.Y. Mar. 11, 2013) (dismissing complaint from South Carolina prisoners as frivolous and finding that dismissal was also warranted because prisoners "have not made any showing that venue is proper in this District, nor does it appear that it would be in the 'interest of justice' to transfer the case to any other court").

Title 28 U.S.C. § 1391, which governs venue for all civil actions filed in federal district courts, provides that a civil action may be brought in the judicial district in which any defendant resides or is subject to the court's personal jurisdiction, or in the judicial district in which a substantial part of the events giving rise to the action occurred. 28 U.S.C. § 1391(b). "[V]enue is

---

("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).

proper so long as the requirements of § 1391(b) are met . . . ." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 57 (2013). But "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Whether venue is 'wrong' . . . depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . . ." *Atl. Marine*, 571 U.S. at 55.

Here, it is apparent that this district is the wrong venue for this action insofar as none of the Defendants are alleged to reside in or are located in the District of Connecticut and none of the events or omissions giving rise to Plaintiff's claims are alleged to have occurred in the District of Connecticut. Indeed, all of the events giving rise to the claims are alleged to have occurred in Texas. Finally, there are no facts alleged which would support the conclusion that any Defendant, even if properly sued, *see* footnote 3, *supra*, is subject to this Court's personal jurisdiction,[4] *see* 28 U.S.C. § 1391(b). And while 28 U.S.C. § 1391(b)(2) permits venue in multiple judicial districts as long as a substantial part of the underlying events occurred in those districts, district courts must take seriously the adjective "substantial" and are "required to construe the venue statute strictly." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356–57 (2d Cir. 2005).

---

[4] As noted above, the only individuals named as a Defendants in the proposed Amended Complaint are Texas Governor Greg Abbott and other unidentified "John Does." To determine whether a court has personal jurisdiction over the defendants in a civil rights action, the Court first determines whether the Connecticut long-arm statute permits jurisdiction and, if it does, the court must then determine whether exercising personal jurisdiction would comport with due process. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163–64 (2d Cir. 2010). The Connecticut long-arm statute allows for the exercise of personal jurisdiction over a defendant if that defendant: transacted business in Connecticut; committed a tortious act in Connecticut; committed a tortious act outside the state causing injury to persons or property within Connecticut; or owns, uses, or possesses real property located in Connecticut. *See* Conn. Gen. Stat. § 52-59b(a). Plaintiff alleges no facts suggesting that the Court could exercise personal jurisdiction over Governor Abbott or any person otherwise associated with the entity Defendants.

Where venue is improper, "[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). This discretion is somewhat circumscribed, however, where district courts consider the issue of dismissal based on improper venue *sua sponte*. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 2009) ("A district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances." (citing *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966)). But the Second Circuit has found such extraordinary circumstances present, and therefore affirmed *sua sponte* dismissals for improper venue, where: (1) neither the parties nor the activities alleged have any relation to the district in which the case is filed; (2) all discernible factual allegations involve events occurring outside the district; (3) the allegations duplicated those brought in other districts; and (4) where the plaintiff had been found by other courts to be a vexatious litigant and had imposed limits on his or her right to file new lawsuits. *See Stich v. Rehnquist*, 982 F.2d 88, 88–89 (2d Cir. 1992) (per curiam); *see also Harris v. Case*, No. 6:13-CV-1491, 2014 WL 2116987, at *3 (N.D.N.Y. May 20, 2014) (finding sufficient extraordinary circumstances justifying *sua sponte* dismissal because the action was frivolous (citing *Stich*, 982 F.2d at 89)). Here, there is simply no basis upon which these claims should be litigated in this district. And, insofar as the dismissal is without prejudice to Plaintiff filing in the appropriate venue, there is no risk that Plaintiff will be foreclosed from seeking whatever appropriate relief to which he believes he is entitled.[5]

---

[5] Although the Court is unaware of Plaintiff's litigation history, if any, the Court is aware that another inmate at the same Texas correctional facility as Plaintiff has recently and repeatedly filed complaints in this district which were dismissed for, among other reasons, improper venue. *See, e.g.*, Initial Review Order, *Padilla v. Texas Bd. of Paroles*, No. 3:22-cv-00596-SRU (D. Conn. Aug. 9, 2022); Order, *Padilla v. Tex. Parole Dep't Dir.*, No. 3:22-cv-00416-SRU (D. Conn. Aug. 11, 2022); Order, *Padilla v. Abbott*, No. 3:19-cv-00057-VAB (D. Conn. July 12, 2019).

For the foregoing reasons, the Complaint is dismissed *sua sponte* and the Clerk of the Court is respectfully directed to close this file.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of July 2023.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE